**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 119484

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
TRENTON DIVISION

| | |
|---|---|
| David Friedman, individually and on behalf of all others similarly situated<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　　　vs.<br><br>Midland Credit Management, Inc.,<br><br>　　　　　　　　　　　Defendant. | Case No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

David Friedman, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Midland Credit Management, Inc. (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1.　　This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

### JURISDICTION AND VENUE

2.　　This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.　　Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New Jersey.

## PARTIES

5. Plaintiff David Friedman is an individual who is a citizen of the State of New Jersey residing in Ocean County, New Jersey.

6. Plaintiff is a natural person allegedly obligated to pay a debt.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant Midland Credit Management, Inc., is a California Corporation with a principal place of business in San Diego County, California.

9. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. The principal purpose of Defendant's business is the collection of such debts.

12. Defendant uses the mails in its debt collection business.

13. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS SPECIFIC TO PLAINTIFF

14. Defendant alleges Plaintiff owes a debt ("the alleged Debt").

15. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

16. The alleged Debt does not arise from any business enterprise of Plaintiff.

17. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

18. At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

19. At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

20. In its efforts to collect the alleged Debt, Defendant contacted Plaintiff by letters including the letter ("the February Letter") dated February 21, 2020 labeled as "**PRE-LEGAL NOTIFICATION**". (A true and accurate copy is annexed hereto as **"Exhibit 1."**)

21. In its efforts to collect the alleged Debt, Defendant once again contacted Plaintiff by an additional letter ("the April Letter") dated April 29, 2020 labeled as "**PRE-LEGAL NOTIFICATION**" and "**FINAL NOTICE**". (A true and accurate copy is annexed hereto as "**Exhibit 2.**")

22. The Letters conveyed information regarding the alleged Debt.

23. The Letters are "communications" as defined by 15 U.S.C. § 1692a(2).

24. The Letters were received and read by Plaintiff.

25. 15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendant. As set forth herein, Defendant deprived Plaintiff of this right.

26. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

27. 15 U.S.C. § 1692e(5) specifically prohibits threatening "to take any action that cannot legally be taken or that is not intended to be taken."

28. 15 U.S.C. § 1692e(10) prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

29. The February Letter is labeled as a "**PRE-LEGAL NOTIFICATION**."

30. The label is in a stylized and emphasized font, placed in the upper left corner of the February Letter.

31. Additionally, the February Letter states: "Midland Credit Management, Inc. has made several attempts to contact you regarding this account. MCM is now considering forwarding your account to an attorney in your state for possible litigation. Upon receipt of this notice, please pay at **MidlandCredit.com** or call **877-798-6947** to discuss your options."

32. Defendant again sent Plaintiff another "**PRE-LEGAL NOTIFICATION**" letter, the April Letter labeled with "**FINAL NOTICE**", again threatening legal review and further stating, "After numerous attempts to contact you regarding this account, Midland Credit Management, Inc. (MCM) will transition your account into the attorney review process after **5/29/2020**. Pay online at **MidlandCredit.com** or call **877-214-7799**."

3

33. The April Letter further states, "If your account is forwarded to an attorney or legal firm, the MCM Pre-Legal Department will be unable to offer a flexible payment arrangement or stop any potential litigation process. If this process results in litigation, and a judgement is entered against you, the judgement will be enforceable according to state law."

34. Defendant did not forward Plaintiff's account to an attorney, as stated in the February Letter but instead again threatened legal review by sending the April Letter.

35. Defendant never intended to forward Plaintiff's account to an attorney, as stated in the February letter but again threatened to forward Plaintiff's account to an attorney in the April Letter.

36. On information and belief, Defendant did not forward Plaintiff's account to an attorney, as stated in the April Letter either.

37. On information and belief, Defendant never intended to forward Plaintiff's account to an attorney, as stated in both Letters.

38. Defendant's conduct is a false, deceptive, and/or misleading representation or means in connection with the collection of a debt in violation of 15 U.S.C. § 1692e.

39. Defendant's conduct is a threat to take any action that is not intended to be taken, in violation of 15 U.S.C. § 1692e(5).

40. Defendant's conduct is the "use of any false representation or deceptive means to collect or attempt to collect any debt" in violation of 15 U.S.C. § 1692e(10).

41. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e 1692e(5), 1692e(10) and is liable to Plaintiff therefor.

## CLASS ALLEGATIONS

42. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New Jersey.

43. Plaintiff seeks to certify a class of:

> All consumers to whom Defendant sent a collection letter substantially and materially similar to the Letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this action to the present.

44. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

4

45. The Class consists of more than thirty-five persons.

46. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

47. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

48. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

49. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered:

    a. Certifying this action as a class action; and

    b. Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel;

    c. Finding Defendant's actions violate the FDCPA; and

    d. Granting damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    e. Granting Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    f. Granting Plaintiff's costs; all together with

      g. Such other relief that the Court determines is just and proper.

DATED: November 10, 2020

      **BARSHAY SANDERS, PLLC**

      By: /s/ *Craig B. Sanders*
      Craig B. Sanders, Esquire
      100 Garden City Plaza, Suite 500
      Garden City, New York 11530
      Tel: (516) 203-7600
      Fax: (516) 706-5055
      csanders@barshaysanders.com
      *Attorneys for Plaintiff*
      Our File No.: 119484